UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica M. Brown, | Case No.: 2:23-cv-00652-APG-DJA |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Officer Thomas, et al., | |
| Defendants | |

Plaintiff Jessica Brown brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims she suffered while housed at Clark County Detention Center (CCDC).[1] On May 3, 2023, the magistrate judge ordered Brown to either pay the $402 filing fee or apply to proceed *in forma pauperis*.[2] Brown timely filed an application to proceed *in forma pauperis* for an inmate.[3] Thereafter, Brown filed notice that she was being paroled and moved to extend this action.[4] Because the CCDC inmate database stated that Brown was no longer housed at that facility, the magistrate judge construed her motion as seeking to extend the time for Brown to file her updated address with the court.[5] The magistrate judge also denied Brown's application to proceed *in forma pauperis* for an inmate as moot, and gave her until August 31, 2023, to file her updated address with the court and either pay the full $402 filing fee

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] ECF No. 4.
[4] ECF No. 6.
[5] ECF No. 7.

or file an application to proceed *in forma pauperis* for non-inmates.[6] That deadline expired without an updated address and either payment of the filing fee or an application to proceed *in forma pauperis* for non-inmates from Brown, and her mail from the court is being returned as undeliverable.[7]

## I.    Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[8] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[9] In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[10]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Brown's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the

---

[6] *Id.* at 2.

[7] ECF No. 8.

[8] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[9] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[10] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

court or prosecuting an action.[11]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[12]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[13]  Because this action cannot realistically proceed without the ability for the court and the defendants to send Brown case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline.  But without an updated address, the likelihood that the second order would even reach Brown is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

**II.    Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  It is therefore ordered that this action is dismissed without prejudice based on Jessica M. Brown's failure to file an updated address and either pay the filing fee or file an application to proceed *in forma pauperis* for non-inmates in compliance with this court's July 18, 2023, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  No

---

[11] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[12] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[13] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

other documents may be filed in this now-closed case. If Jessica Brown wishes to pursue her claims, she must file a complaint in a new case and provide the court with her current address.

Dated: September 8, 2023

_____
U.S. District Judge